```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

HAL LEARY,

    Petitioner,

v.                                    CASE NO. 3:10-cv-217-J-34JRK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the petition, the Court appointed counsel to represent Petitioner, directed counsel to file an amended petition, and administratively closed the case. (Dkt. 34.) Counsel subsequently filed an amended petition (Dkt. 36; Petition), raising a single claim that trial counsel rendered ineffective assistance by advising Petitioner that he could not be convicted based on the uncorroborated testimony of a co-defendant, which caused Petitioner to reject a plea offer. Counsel also filed a memorandum of law in support of the Petition (Dkt. 37; Memorandum). Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions (Dkt. 40; Response) and Petitioner filed a reply to the Response (Dkt. 44; Reply). For the following reasons, the Court concludes that an evidentiary hearing is warranted to resolve Petitioner's claim.

**I.    Procedural History**

Petitioner, along with others, was charged by Information with burglary while armed (count one), dealing in stolen property (count two), and grand theft (count three).  (Dkt. 41-1 at 13-14.)  On June 23, 2003, the State filed a Third Amended Information which charged Petitioner with two additional counts of dealing in stolen property (counts four and five).  (Dkt. 41-1 at 78.)  The trial court appointed Stephen Witt ("Witt") to represent Petitioner on June 27, 2003.  (Dkt. 41-1 at 143.)  Three weeks later, on July 18, 2003, the State filed a Fourth Amended Information charging Petitioner with burglary while armed (count one), dealing in stolen property (count two), grand theft (count three), and possession of a firearm by a convicted felon (count five).  However, before the case was called up for trial, the State filed an Information ("Information I") charging Petitioner with only the first three offenses.  In doing so, the State severed the possession of a firearm charge by a convicted felon, opting to charge it in a separate Information ("Information II").  (Dkt. 42-1 at 51-54.)

Petitioner proceeded to trial on counts one, two, and three as charged in Information I.  At the conclusion of the State's case, Witt's counsel moved for a judgment of acquittal arguing <u>inter alia</u> that it was his "understanding that you can't be convicted on just the testimony of codefendants."  (Dkt. 42-1 at 243-44.)  The trial court denied the motion.  <u>Id.</u> at 245.  Petitioner subsequently

testified that he was not with his co-defendants when they committed the offenses.  In the end, the jury found Petitioner guilty of burglary while armed and grand theft and not guilty of dealing in stolen property.  (Dkt. 42-2 at 48-49.)

At sentencing, Petitioner continued to maintain his innocence. (Dkt. 42-2 at 66-67.)  The trial court sentenced him to a fifteen-year term of imprisonment with a ten-year minimum mandatory sentence for the burglary under Florida Statutes section 775.087(2)(a)(1) and a five-year term of probation for the grand theft.  Id. at 70-73.  The State nol prossed the possession of a firearm by a convicted felon charge after Petitioner's sentencing hearing.  (Dkt. 42-1 at 78.)  Petitioner appealed his conviction and sentence, and the First District Court of Appeal of Florida affirmed both per curiam.  (Dkt. 42-2 at 150.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Dkt. 42-2 at 161-69.)  In his motion, Petitioner asserted that in "late 2003" Witt informed him that the State had offered a plea deal whereby Petitioner would plead guilty in exchange for a fifty-three month term of imprisonment. Id. at 174.  According to Petitioner, Witt advised him that the testimony of his co-defendants was not sufficient under Florida law to convict him.  Id. at 175. Petitioner asserted that based on this advice, he chose to proceed to trial and forego the plea offer.  Id.  The state court denied

the motion and Petitioner's motion for rehearing without holding an evidentiary hearing. Id. at 183-91, 255-59. Petitioner appealed, and the First District Court of Appeal of Florida affirmed the denial of the motion per curiam. (Dkt. 42-3 at 12.)

## II. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1308 (11th Cir. 2005). The Eleventh Circuit Court of Appeals discussed the meaning of these clauses in Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001):

4

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." Id.

Additionally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. See Parker, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**III. Analysis**

Petitioner asserts that Witt rendered ineffective assistance by improperly advising him that his co-defendants' testimony alone was insufficient to sustain a conviction under Florida law. Further, he argues that Witt's erroneous advice caused him to forego the State's plea offer of fifty-three months and to proceed to trial after which he received a sentence of fifteen years as

well as probation.

Petitioner raised this claim in his post-conviction motion, and the state court denied relief citing to Strickland v. Washington, 466 U.S. 668 (1984). Initially, the state court reasoned that letters from Witt to the Florida Bar established that Witt had explained to Petitioner the damaging effect of the co-defendants' testimony on the case, and thus, refuted Petitioner's contention that Witt gave him erroneous advice that caused Petitioner to reject the plea offer. (Dkt. 42-2 at 187.) Consequently, the state court concluded that counsel did not render deficient performance. Id. at 190. Petitioner filed a motion for rehearing, and the state court subsequently entered an order retracting its reference to Witt's letters. (Dkt. 42-2 at 256.) Nevertheless, the court determined that Petitioner's motion should be denied because Petitioner had not established deficient performance. Id. at 257-58. In doing so, the state court reasoned that Petitioner had not alleged that counsel incorrectly communicated the plea offer or misadvised him of his possible sentence. Id. Plaintiff appealed, and the First District Court of Appeal of Florida affirmed the denial per curiam.

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v.

6

Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish ineffective assistance, a petitioner must show both deficient performance and prejudice.  Strickland, 466 U. S. at 687.

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington v. Richter, 131 S.Ct. 770, 787-88 (2011). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the

performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

The United States Supreme Court has long recognized that Strickland's two-part inquiry applies to ineffective assistance of counsel claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52 (1985). In 2012, in companion decisions in Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376 (2012), the Supreme Court clarified that the Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected." In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (per curiam) (footnote omitted). In Lafler, the Supreme Court articulated the a framework for establishing prejudice in the context of a foregone guilty plea.

> In contrast to Hill, here the ineffective advice led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged. **In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.**

132 S.Ct. at 1385 (emphasis added); see Frye, 132 S.Ct. at 1409; see also Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014); Gissendaner v. Seaboldt, 735 F.3d 1311, 1317-19 (11th Cir. 2013).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[1], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

---

[1] Knowles v. Mirzayance, 556 U.S. 111 (2009).

addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision."). As such, the Supreme Court has observed that surmounting Strickland's high bar is not an easy task. Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

In the instant case, Petitioner maintains that counsel erroneously advised him he could not be convicted based solely on co-defendant testimony. Petitioner asserts that he relied on this advice in deciding to reject the State's plea offer. Nothing in the record before the Court refutes Petitioner's contention regarding counsel's advice or that a plea offer existed at some point in time. Witt submitted letters that he sent to the Florida Bar in which he stated that he advised Petitioner of the difficulty of proceeding to trial in light of his co-defendants' testimony and told him he should seriously consider a plea bargain. (Dkt. 42-2 at 209-12.) However, Florida courts have held that "it is fundamental that ... representations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence." State v. T.A., 528 So.2d 974, 975 (Fla. 2d DCA 1988); see also Cintron v. State, 504 So. 2d 795, 796 (Fla. 2d DCA 1987)(reversing summary denial of Rule 3.850 motion based on a document, which was not part of the official court record); Johnson

10

v. State, 736 So. 2d 713, 714 (Fla. 2d DCA 1999) (letters from counsel outside of the official record could not be used to refute the defendant's claim); see also Alvarez-Sanchez v. United States, 350 F. Appx 421, 424 (11th Cir. 2009) ("[B]ecause a district court ordinarily should not resolve a disputed factual issue in a habeas proceeding based solely on an affidavit, the district court abused its discretion in denying [the petitioner's] request for an evidentiary hearing as long as he alleged facts that, if true, would have entitled him to relief."). Moreover, the record reflects that in moving for a judgment of acquittal, Witt specifically argued that he did not believe Petitioner could be convicted based solely on the testimony of his co-defendants. This argument, of course, was misplaced as Florida Courts have long recognized that the uncorroborated testimony of an accomplice is, by itself, sufficient to support a conviction "if it satisfies a jury of [the] defendant's guilt beyond a reasonable doubt." Anderson v. State, 241 So.2d 390, 396 (Fla. 1970). Thus, Petitioner's contention that he received erroneous legal advice finds corroboration in the record. Additionally, Petitioner submitted an undated plea offer, reflecting an offer of a fifty-three month term of imprisonment in return for a guilty plea to counts one, two, and three. (Dkt. 42-2 at 180.)

Without conducting an evidentiary hearing, the state court determined that Petitioner failed to establish deficient

11

performance. Although identifying <u>Strickland</u> as supplying the applicable legal framework, the state court reasoned:

> In order to state a legally sufficient claim of IAC based upon defendant's reliance upon information and/or advice from defense counsel to forego a plea; defendant must allege and demonstrate that 1) defendant was not told about the plea offer, or that 2) defendant was misadvised about his possible sentence. <u>Gonzalez v. State</u>, 691 So.2d at 603. Just as Gonzales [sic] failed to allege either of these factors, the instant defendant has also failed to allege either of these. "Our research does not reveal any case from Florida, or any other jurisdiction, in which post-conviction relief was granted under these circumstances (where defendant relied upon counsel's assurance that he/she would prevail at trial rather than take a plea offer)."

<u>Id.</u> at 258. However, <u>Lafler</u> instructs that the relevant inquiry is not as limited as the state post conviction court understood it to be. Rather, "[t]he performance prong of Strickland requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" <u>Lafler</u>, 132 S.Ct. at 1384 (quoting <u>Strickland</u>, 466 U.S. at 688). As such, in <u>Lafler</u>, the Court readily agreed that a habeas petitioner established constitutionally deficient performance where he alleged that counsel incorrectly advised him concerning the requisite intent necessary to commit the offense causing him to reject a plea offer. 132 S. Ct. at 1383-84. Here, as in <u>Lafler</u>, Petitioner has made a preliminary showing that Witt gave him erroneous advice, i.e. that he could not be convicted based solely on the testimony of his alleged accomplices, and that this erroneous advice caused

12

Petitioner to reject the plea offer.

In determining that Petitioner failed to make a sufficient showing of deficient performance under these circumstances, the state court failed to properly apply binding Supreme Court precedent. See Strickland, 466 U.S. 668; Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). Indeed, the determination that failing to provide a defendant with accurate advice about a matter of law bearing directly on the client's acceptance or rejection of a plea offer could not constitute deficient performance is contrary to clearly established federal law. See Lafler, 132 S.Ct. at 1384; Padilla, 559 U.S. at 366-69 (misadvising defendant about immigration consequences of a guilty plea constitutes constitutionally deficient performance). To the contrary, on this record, Petitioner has made a prima facie showing of deficient performance.

In the context of a rejected plea offer, the second prong of the Strickland analysis requires a defendant to show:

> (1) "the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."

Osley, 751 F.3d at 1222 (citing Lafler, 132 S.Ct. at 1385; Frye, 132 S.Ct. at 1409). Having found that Petitioner failed to establish deficient performance, the state court declined to address the question of prejudice. As such, this court does not

13

have the benefit of the state court's analysis as to whether Petitioner can establish prejudice. Although Respondents contend that Petitioner's claim of prejudice is entirely speculative and that a finding of prejudice is conclusively refuted by the record, the Court disagrees. Petitioner has affirmatively sworn:

> [H]ad Witt advised him that the testimony of Melton, Robinson and Crockett was sufficient evidence to sustain a conviction at trial, movant would have accepted the 53 month/5 year probation plea offer made by the State, Movant further contends that the only reason he chose to forego that plea offer and proceed to trial, was based solely upon Witt's grossly inaccurate legal advice, Without that bad legal advice, movant states that he would have accepted the State's plea offer.

See App. at 751. Contrary to Respondent's assertions, Petitioner's claim is neither refuted by the record nor entirely speculative.[2] The Court cannot determine from the record when the plea offer was made, whether, much less when, it may have been withdrawn, whether Leary would have opted to accept it, or whether the Court would have rejected it. Indeed, there is no evidence in the current record demonstrating the trial court would have refused to accept the plea, or that Petitioner would not have received a lesser

---

[2] The Court declines to accept Respondent's broad reading of Harrington v. Richter, 562 U.S. 86, 102-03, 131 S.Ct. 770, 786 (2011). Respondents contend that even if the state post conviction court's decision was contrary to federal law, this Court is permitted to speculate as to alternative theories that could have supported the denial of relief by the state appellate court. See Response at 16-17. Where, as here, the state court affirmatively stated the reasons for its decision, the obligation of the District Court is to identify the theories that supported the decision and ask "whether it is possible [that] fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Tanzi v. Sec'ty Florida Dep't Corr., 772 F.3d 644, 652 (11th Cir. 2014) (quoting Richter, 131 S.Ct. at 786)); see also Wetzel v. Lambert, 132 S.Ct. 1195, 1198 (2012).

sentence had he accepted the plea offer. Moreover, although Respondents contend that the fact that Petitioner maintained his innocence establishes that he would not have accepted a plea offer, the Court cannot make such a finding. On this undeveloped record, the Court declines to find Petitioner's denial of guilt, standing alone, to be sufficient to conclusively rebut his claim of prejudice. See Osley, 751 F.3d at 1224 (recognizing that the denial of guilt "surely is not dispositive" but rather a relevant consideration). Notably, Petitioner has requested an evidentiary hearing to address all of these factual issues. Memorandum at 22-24.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). However, "before a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." Landers v. Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015).

Here, the Court has determined that the state court's decision is contrary to clearly established federal law. Once a petitioner

has made such a showing, "'the decision to grant [an evidentiary] hearing rests in the discretion of the district court.'" <u>Id.</u> (quoting <u>Landrigan</u>, 550 U.S. at 468). Upon review of the record it is evident that the facts necessary to resolve Petitioners claim are not fully developed. Consequently, the Court concludes that an evidentiary hearing is warranted to determine whether (1) Witt provided deficient performance by improperly advising Petitioner that he could not be convicted based solely on the testimony of his co-defendants; (2) Petitioner would have accepted a plea offer but for Witt's incorrect advice; (3) the plea would have been entered without the prosecution withdrawing it or the trial court refusing to accept it; and (4) the plea would have resulted in a lesser charge or a lower sentence.

**IV. Conclusion and Request for Evidentiary Hearing**

In consideration of the foregoing, the Court concludes that Petitioner is entitled to an evidentiary hearing on the claim that counsel rendered ineffective assistance by advising Petitioner that he could not be convicted based on the uncorroborated testimony of co-defendants, which caused Petitioner to reject a plea offer. Accordingly, the Court requests that the Honorable James R. Klindt, United States Magistrate Judge, conduct an evidentiary hearing consistent with <u>Padilla v. Kentucky</u> and <u>Strickland v. Washington</u> in order to ascertain whether Petitioner's trial counsel rendered ineffective assistance in advising Petitioner. At the hearing, the

16

Court should hear testimony from Stephen Witt (Petitioner's trial counsel in the underlying criminal case), Petitioner Hal Leary, and any other witnesses whose testimony the parties deem relevant to these proceedings. Following the evidentiary hearing, the Court requests that Judge Klindt issue a Report and Recommendation as to Petitioner's claim that trial counsel provided ineffective assistance by advising Petitioner that he could not be convicted based upon the uncorroborated testimony of co-defendants, thereby prejudicing Petitioner by causing him to reject a favorable plea offer.

As such, and in accordance with the Rules Governing Section 2254 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Hal Leary's Petition for Writ of Habeas Corpus (Dkt. 36) is taken under advisement pending completion of an evidentiary hearing.

2. The Court will refrain from deciding whether to grant a certificate of appealability as to any of the issues raised in Leary's Petition until after the Court has reviewed the forthcoming Report and Recommendation and any objections thereto.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2015.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record